UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELE ROCKEY, on behalf of H.R., a minor child, | No. CV-04-469-CI |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 20, 23), submitted for disposition without oral argument on October 3, 2005. Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolfe represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff filed for Supplemental Security Income benefits on

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 1

behalf of the minor child on August 23, 1999, alleging disability as of the date of birth, February 23, 1998. Benefits were denied initially and on reconsideration; an administrative hearing was held before Administrative Law Judge (ALJ) R. J. Payne, who denied benefits. Review was granted by the Appeals Council and the matter was remanded for consideration of additional issues. Following a second administrative hearing, benefits were denied. Review was denied by the Appeals Council. Plaintiff filed this appeal. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded the minor child had not engaged in substantial gainful activity since the alleged onset date. He suffered from severe impairments, including expressive and receptive language delays, but the impairments were neither found to meet the Listings nor to result in marked and/or extreme functional limitations. (Tr. at 22.) The ALJ found the minor child had less than marked limitations in his ability to acquire and use information, attend and complete tasks, care for self, and health and physical well-being. All other functions were found to be without limitations. Thus, the ALJ concluded the minor child was not disabled.

**STANDARD OF REVIEW**

The standard of review applicable to juvenile claims for benefits is set forth in 20 C.F.R. § 416.924(d)(2000): The ALJ must determine whether a claimant's impairments "meet, medically equal or functionally equal a listed impairment in appendix 1 of subpart P, part 404 of the CFR." The claimant's impairment will medically equal a listed impairment "if the medical findings are at least

equal in severity and duration to the listed findings." 20 C.F.R. § 416.924(d)(1) (2000). The impairment will be considered functionally equivalent if the claimant has marked limitation in two areas or extreme limitation in one area. 20 C.F.R. § 416.926a(a)(2000). Functional equivalence may be shown in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b) (1)(i), (ii), (iii), (iv), (v), and (vi) (2001). In making a determination of disability, the ALJ must develop the record and interpret the medical evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011-12 (9th Cir. 2003), citing *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). The ALJ must consider the "combined effect" of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  20 C.F.R. § 416.923.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he relied on the opinion of the consulting medical expert who testified at the administrative hearing, without proper consideration of the evaluation by Spokane Public Schools, as directed by the Appeals Council.

**ANALYSIS**

1. <u>Consulting Opinion</u>

Plaintiff contends the ALJ erred when he relied on the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

testimony of consulting physician, Dr. Roger J. C. Meyer, without properly considering the findings of school evaluators, as directed by the Appeals Council. Those evaluators concluded in 2000 when the minor child was 2 years and nine months old, that there were significant delays (more than two standard deviations below the norm) in communication, daily living, socialization and motor skills. (Tr. at 136-143.) Defendant contends there is no evidence to support a finding the minor child had marked limitations in at least two domains as of the date of the ALJ's decision following remand.

During the administrative hearing, the ALJ considered the school evaluations done in 2000, when the child had not yet reached his third birthday, with those evaluations completed later after physical, occupational, and speech therapy. The concerns identified by the Appeals Council were addressed at the administrative hearing during the examination of the medical expert. (Tr. at 440.) The expert observed the limitations noted by the Appeals Council were the result of a test that was "notoriously unreliable" because they were obtained before the child turned three years of age. (Tr. at 441.) He also noted significant progress was made after three years of age as a result of the different therapies provided to the child. Dr. Meyer noted Plaintiff was in a regular school classroom with only 30 minutes of additional physical therapy. (Tr. at 443.) Additionally, he opined the child's Attention Deficit Hyperactive Disorder (ADHD) behavior did not necessarily imply an impairment, but rather the fact the child was "behaviorally rambunctious." (Tr. at 445.) This observation was due to the fact medications were assisting and the child was able to behave well at school and take

direction from his teachers, unlike at home where acting out was the norm. (Tr. at 445.) Thus, the more appropriate diagnosis was oppositional defiant disorder, rule/out ADHD as noted by Dr. Dexter. (Tr. at 445-46.)

Based on the expert's testimony and evidence, the ALJ concluded Plaintiff had less than a marked limitation in the area of acquiring and using information, less than marked in attending to and completing tasks, no limitation in interacting and relating to others, no limitation in the area of moving about and manipulating objects, less than marked limitation in the area of caring for self, and less than marked limitation in the area of health and physical well being. (Tr. at 28, 374-75.)

The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those cases have also found reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, at 831, citing *Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that

conflicted with treating physician's opinion); *Andrews*, 53 F.3d at 1043 (conflict with opinions of five non-examining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results).  Thus, case law requires not only an opinion from the consulting physician, but also substantial evidence (more than a mere scintilla, but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians.  *Andrews*, 53 F.3d at 1039.

Although Plaintiff's brief does not identify the specific areas considered to be more than markedly limited, it appears those areas concern speech and language and physical development, based on the continuing special educational services provided in these areas. Thus, the domains of acquiring and using information and moving about and manipulating objects are at issue.

2.   <u>Acquiring and Using Information</u>

The ALJ concluded the child had less than a marked limitation in this domain, which includes an ability to acquire or learn information and the use of that information.  20 C.F.R. § 416.926a(g).  For children ages three to six, those skills include learning to read, write and do arithmetic.  Appropriate activities include listening to stories, rhyming words, matching letters, counting, sorting shapes and building with blocks, painting, coloring, copying shapes, and using scissors.  The child should be able to ask questions, give answers, follow directions, describe things, provide explanations, and tell stories.  20 C.F.R. §

416.926a(g)(iii). Examples of limited functioning in this domain include a failure to understand words about space, size or time; an inability to rhyme words or sounds in words; difficulty recalling items learned in school the previous day; difficulty computing arithmetic problems; an ability to talk only in short, simple sentences with an inability to explain what is meant. 20 C.F.R. § 416.926a(g)(3).

The child's Individualized Educational Plan (IEP) and evaluation completed in October 2003, indicated the child was enrolled in a regular education kindergarten for all but 30 minutes each day. The child was to receive supplemental services in the classroom, including additional time for completing assignments, and adaptation of testing, repetition of direction, and instruction in small groups. (Tr. at 170.) He met the standard in letter identification, but not in Phoneme Blending (single letter pronunciation, e.g. *m* in mat) and Segment Onset-Rime, both dealing with phonemic awareness skills. He also did not meet the standards dealing with reading behaviors, but was able to answer questions about stories and say what happened next. He was familiar with the concept of same, different, top, middle, bottom, big, bigger, small and smaller, but not left/right. He was able to count to ten, recognized numerals to ten, matched objects and numerals to ten, followed directions read to him and told how many objects were missing in sets up to five. His behavior was appropriate and he took direction well. (Tr. at 165.) Communication skills included a limitation in ability to retell a story, use of very vague language about the story in attempting to retell it, and difficulty producing words with more than one syllable.

A marked limitation is defined as serious interference with an ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2). As demonstrated by test scores, a marked limitation is two standard deviations below the mean. 20 C.F.R. § 416.926a(e)(2)(iii). The evaluation in 2003 indicated the child's limitations, although present, did not impede his ability to learn and function in a mainstream classroom. (Tr. at 166.) Thirty minutes of speech therapy per week was recommended, as well as supplementary aids and services in the general education environment. (Tr. at 169, 170.) Other evidence indicated the child was age appropriate in his ability to learn new skills. (Tr. at 195.) There was no evidence in the medical record the child was not able to learn and acquire information. Thus, Dr. Meyer's conclusion the child had a less than marked limitation in this domain is supported by the evidence. However, even assuming a marked limitation in this domain, that is insufficient to establish disability, as the regulations require a marked limitation in two domains or extreme limitation in one.

3. <u>Moving About and Manipulating Objects</u>

The ALJ concluded the child had no limitation in this area. However, there is some evidence that conclusion is not supported by the record.

The Appeals Council remanded for additional consideration of the limitations assessed by the school evaluators in 2000 when the child was not yet three years old: -2.05 deviations below the mean in gross motor movement. (Tr. at 26-27, 75-76, 139-140.) In this domain, consideration is given to moving the body in different kinds of actions which demonstrate degrees of strength, coordination,

dexterity, pace, and physical ability to persist at the task. For children, age three to six, this domain contemplates an ability to walk, run, climb stairs, and use playground equipment with little supervision. Fine motor skills include completing puzzles, stringing beads, building with blocks, using crayons, markers and small pieces in board games and an ability to cut with scissors. 20 C.F.R. § 416.926a(j)(2)(iii). Limited functioning would include muscle weakness, joint stiffness, sensory loss, trouble climbing up and down stairs, jerky or disorganized locomotion or difficulty with balance, difficulty coordinating gross motor movements, sequencing hand or finger movements, gripping or grasping, and poor eye-hand coordination. 20 C.F.R. § 416.926a(e)(3).

The school evaluation in 2003 noted the child was able to walk up and down stairs alternating feet with no support, but was unable to hop on one foot. Other challenged areas included performing sit ups, push ups, skipping, and running with reciprocal arm swing. (Tr. at 165.) However, the child was able to balance on either foot for at least five seconds, gallop, broad jump 12", walk heel to toe along a line, catch a medium sized ball from five feet with his hands, kick a ball at least six feet, and throw a tennis ball five feet to hit a target. (Tr. at 165.) It was recommended the child continue with physical therapy for 30 minutes each week to improve strength and balance. (Tr. at 166.) Medical records did not indicate further limitations or therapies were necessary. Thus, any limitation would be less than a marked. 20 C.F.R. § 416.926a(e)(2). The ALJ's conclusion the child suffered from no limitation in this domain, though erroneous, was harmless error, as a less than marked limitation would not qualify the child for benefits. *Curry v.*

*Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1991) (whether findings of fact are supported by substantial evidence or the law was correctly applied by the ALJ are questions subject to the harmless error standard).

4.  Remaining Domains

There is no evidence, either from school records or medical providers, that the child had limitations in fine motor skills or the other domains.  The domain of attending to and completing tasks was limited by the hyperactivity, but school records indicated the child was willing to participate, responded well to instruction, and completed tasks with some delay, but less than marked. (Tr. at 194-195, 358.)  His GAF was rated at 60, indicating only mild limitations. (Tr. at 359.) DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995).  There is no evidence of limitations in the domain of relating and interacting with others (Tr. at 195) or caring for self.  As to health and physical well-being, there was some evidence of seizures, but they were infrequent, objective tests were within normal limits, and control was achieved with medication. (Tr. at 369, 385.)  After a review of the record, it is concluded the consultant's opinion was supported by the record and consistent with it. Thus, the ALJ did not err in relying on it.  Accordingly,

**IT IS ORDERED**:

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED.**

2.  Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 23)** is **GRANTED.**  Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

3.   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED October 31, 2005.

                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE